IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON

**JANET DALE HODGE,**

    **Plaintiff,**

**V.**        **CIVIL ACTION NO. 3:16-5095**

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social Security,**

    **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

The Defendant, Carolyn W. Colvin, Acting Commissioner of the Social Security Administration, by counsel, Carol A. Casto, United States Attorney for the Southern District of West Virginia, and Jennifer M. Mankins, Assistant United States Attorney for the Southern District of West Virginia, has moved the Court to remand this case to the Commissioner pursuant to the provisions of sentence four of 42 U.S.C. § 405(g). (Doc. No. 7.) Counsel for the Defendant asserts that on remand, the Commissioner, through the Appeals Council, will refer the case to the Administrative Law Judge ("ALJ") to take further action needed to complete the administrative record and issue a new decision (Id. at ¶ 3.) due to the ALJ having relied upon medical evidence from a patient other than Plaintiff in finding a back impairment non-severe and in formulating the residual functional capacity (Id. at ¶2.). Counsel further states that counsel for Plaintiff has no objection to the Motion. (Id. at ¶ 4.)

Sentence four of 42 U.S.C. § 405(g) provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." The Commissioner is required under the Social Security Act to include an explanation

of what evidence, or inferences drawn therefrom, were relied on in arriving at a decision. See Cook v. Heckler, 783 F.2d 1168, 1172 (4th Cir. 1986). The undersigned therefore finds the reasons stated by the Defendant for seeking remand appropriate.

Accordingly, there being good cause for the Defendant's Motion for Remand and there being no objection, it is hereby respectfully **RECOMMENDED** that the District Court confirm and accept the foregoing findings, GRANT the Defendant's unopposed Motion for Remand (Doc. No. 7.), REVERSE or VACATE the decision of the Commissioner, and REMAND Plaintiff's case to the Commissioner pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further proceedings as outlined in the unopposed Motion.

The parties are notified that this Proposed Findings and Recommendation is hereby FILED, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985), reh'g denied, 474 U.S. 1111, 106 S.Ct. 899, 88 L.Ed.2d 933 (1986); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727

F.2d 91, 94 (4th Cir.), cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Chambers, and this Magistrate Judge.

The Clerk is directed to send a copy of this Order to counsel of record.

ENTER: August 18, 2016.

_____
Omar J. Aboulhosn
United States Magistrate Judge